UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STRIKE 3 HOLDINGS, LLC,

                Plaintiff,

-against-

JOHN DOE subscriber assigned IP address 96.57.238.42,

                Defendant.

24-CV-8979 (JGLC)

**ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

    Plaintiff Strike 3 Holdings, LLC ("Strike 3") alleges that Defendant "John Doe," identified only by the Internet Protocol ("IP") address 96.57.238.42, downloaded, copied and distributed Plaintiff's copyright movies in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*. ECF No. 1 ("Compl.") ¶¶ 5,6, 46–48. Plaintiff seeks to serve a third-party subpoena on CSC Holdings LLC (Optimum Online), Defendant's internet service provider ("ISP"), so that Plaintiff can learn Defendant's identity, investigate Defendant's role in the infringement and effectuate service. ECF No. 7 ("Mem.").

    Although parties are normally required to meet and confer prior to beginning any discovery, a court may waive this requirement by order. Fed. R. Civ. P. 26(d). Courts in this district apply a "flexible standard of reasonableness and good cause" in determining whether to permit a party to seek expedited discovery. *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005). The principal factors courts consider when determining whether expedited discovery is appropriate include: (1) the plaintiff's showing of a *prima facie* claim of actionable harm, (2) the specificity of the discovery request, (3) the absence of alternative means to obtaining the subpoenaed information, (4) the need for the subpoenaed information

to advance the claim and (5) the defendant's expectation of privacy. *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010).

Applying that standard here, the Court concludes that Plaintiff has established the need for expedited discovery. First, Plaintiff has made a *prima facie* showing of infringement. "To prove a claim of copyright infringement, a plaintiff must show (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original." *Urbont v. Sony Music Ent.*, 831 F.3d 80, 88 (2d Cir. 2016). Here, Plaintiff has adequately described its original, copyrighted works and provided a detailed analysis of how Defendant infringed on those works, including specific discussion of the date, time, and locations of the infringements. *See* Compl. ¶¶ 5,6, 46–48; *id.*, Ex. A; ECF No. 7-3 ("Stalzer Decl.").

Second, the discovery request is limited to only demanding the name and address of the subscriber associated with the target IP address (i.e., Defendant), Mem. at 2, which courts in similar cases involving the same Plaintiff have found is a limited and highly specific set of facts. *See Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518, 521 (S.D.N.Y. 2019). Plaintiff is not seeking more information than is necessary to identify and serve Defendant.

Third, Strike 3 is only able to obtain Defendant's information through the requested subpoena. *See Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241–42 (S.D.N.Y. 2012) ("Indeed, in all of the opinions and rulings in similar cases around the country, the Court has found no indication that the plaintiffs have any reasonable alternative to these subpoenas to obtain the identities of the alleged infringers.").

Fourth, Strike 3 has adequately asserted that without the requested subpoena, it will be unable to serve Defendant and unable to pursue further litigation. Mem. at 8. "Ascertaining the identities and residences of the Doe defendants is critical to plaintiffs' ability to pursue litigation, for without this information, plaintiffs will be unable to serve process." *Sony Music*

*Ent. Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004). Strike 3 also maintains that expedited discovery is necessary as ISPs maintain internal records for only a brief period of time. Mem. at 1.

Finally, although being identified as a defendant in a case such as this one, which involves the viewing and dissemination of adult movies, may cause embarrassment, "ISP subscribers have a minimal expectation of privacy in the transmission or distribution of copyrighted material." *John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 191 (S.D.N.Y. 2012) (citing *Arista*, 604 F.3d at 118). Furthermore, some of Defendant's potential privacy concerns will be alleviated by the protective order discussed below.

As each of these factors weighs in favor of Plaintiff, Plaintiff's motion for leave to serve a third-party subpoena on Defendant's ISP in order to obtain Defendant's name and address is GRANTED. Plaintiff must include a copy of this Order with the subpoena and a copy of the "Notice to Defendant" attached hereto. Plaintiff is not permitted to subpoena the ISP for John Doe's phone number or email address.

The Court further finds that there is good cause to issue a protective order in connection with this discovery. A court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Accordingly, it is ORDERED that Defendant may proceed anonymously as John Doe unless and until the Court orders otherwise. It is therefore further ORDERED that Plaintiff shall not initiate settlement discussions prior to service of the Complaint without leave of Court. Nevertheless, if Defendant initiates such discussions, Plaintiff is permitted to participate therein and to settle the case.

It is further ORDERED that the ISP shall have 60 days from the date of service of the Rule 45 subpoena upon it to serve upon Defendant a copy of the subpoena, a copy of this

Order and a copy of the "Notice to Defendant." The Order should be attached to the "Notice to Defendant" such that the "Notice to Defendant" is the first page of the materials enclosed with the subpoena. The ISP may serve Defendant using any reasonable means, including written notice sent to their last known address, transmitted either by first class mail or via overnight service.

It is further ORDERED that Defendant shall have 60 days from the date of service of the Rule 45 subpoena and this Order upon them to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena). The ISP may not turn over Defendant's identifying information to Plaintiff before the expiration of this 60-day period. Additionally, if Defendant or their ISP files a motion to quash or modify the subpoena, the ISP may not turn over any information to Plaintiff until the issues have been addressed and the Court issues an order instructing the ISP to resume in turning over the requested discovery.

It is further ORDERED that if that 60-day period lapses without John Doe or the ISP contesting the subpoena, the ISP shall have 10 days to produce the information responsive to the subpoena to Strike 3. Should John Doe move to quash the subpoena or to proceed anonymously, John Doe shall notify the ISP so that it is on notice not to release any of John Doe's contact information to Plaintiff until the Court rules on any such motions.

It is further ORDERED that the ISP receiving a subpoena pursuant to this Order shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

It is further ORDERED that the ISP receiving a subpoena pursuant to this Order shall confer with Plaintiff and shall not assess any charge in advance of providing the information

requested in the subpoena. An ISP that receives a subpoena and elects to charge for the costs of production shall provide Plaintiff with a billing summary and cost report.

It is further ORDERED that any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used solely for the purpose of protecting Plaintiff's rights as set forth in the Complaint.

It is further ORDERED that Plaintiff's time to serve the summons and Complaint on Defendant is extended to 45 days after Plaintiff receives the information from the ISP pursuant to subpoena.

Finally, it is hereby ORDERED that Plaintiff shall submit to the Court, every 60 days from the date of this Order until Defendant files an answer or otherwise responds to the Complaint, a status update in the form of a letter of not more than two pages. The status letter must describe Plaintiff's effort to obtain the necessary information from the ISP and to serve Defendant. Failure to submit such letters in a timely manner may result in dismissal of this action for failure to prosecute.

The Clerk of Court is respectfully directed to terminate ECF No. 6.

Dated: January 2, 2025
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

**NOTICE TO DEFENDANT**

1. You are a defendant *in Strike 3 Holdings, LLC v. Doe*, No. 24-cv-8979, a case now pending before the Honorable Jessica G. L. Clarke, United States District Judge for the Southern District of New York.

2. Attached is Judge Clarke's Order, dated January 2, 2025, setting forth certain deadlines and procedures related to this case.

3. You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed *pro se*, all communications with the Court should be through the *Pro Se* Office of the United States District Court for the Southern District of New York. The *Pro Se* Office is located in Room 105 of the United States Courthouse, 40 Foley Square, New York, New York 10007, and may be reached at (212) 805-0175.

4. The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed copyrighted material on your computer.

5. The plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

6. The plaintiff has served a subpoena requesting your identity and contact information from your Internet Service Provider ("ISP").

7. If you do not want your ISP to provide this information to the plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case.

8. If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the plaintiff, you may proceed anonymously at this time. Nevertheless, if you are representing yourself, you will have to complete an information card that you can obtain from the *Pro Se* Office of the Court. This information is *solely for use by the Court* and the Court will not provide this information to lawyers for the plaintiff unless and until it determines there is no basis to withhold it. The Court requires this information so that it may communicate with you regarding the case.

9. Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time. This means that the Court and the plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

10. If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter stating that you would like to proceed anonymously in your case. This must be done within 60 days of

the date that you receive notice from your ISP that you are a defendant in this case. You should identify yourself in your letter by the case in which you are a defendant and your IP address. If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.